NUMBER 13-10-00166-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

GEORGIA RAE LESTER,                                                             Appellant,

 

v.

 

THE STATE OF TEXAS,                                                               
Appellee.

                                                                                                                             

 

On appeal from the 258th
District Court

of Polk County,
Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Justices
Yañez, Garza, and Benavides

Memorandum Opinion by
Justice Garza

 

            After a bench trial,
appellant Georgia Rae Lester was convicted of sexually assaulting a child, a
second-degree felony.  See Tex.
Penal Code Ann. §
22.011(a)(2) (Vernon Supp. 2010).  She was sentenced to four years in the
Institutional Division of the Texas Department of Criminal Justice.  The trial
court certified Lester’s right to appeal, and this appeal followed.  We affirm.

I.  Anders
Brief

            Lester’s appellate counsel
has filed a motion to withdraw and a brief in support thereof in which he
states that he has diligently reviewed the entire record and “is of the opinion
that the record reflects no reversible error and that there is no reversible
error upon which appeal can be predicated.”  See Anders v. California,
386 U.S. 738 (1967).  Counsel’s brief meets the requirements of Anders
as it presents a professional evaluation showing why there are no arguable
grounds for advancing an appeal.  See In re Schulman, 252 S.W.3d 403,
407 n.9 (Tex. Crim. App. 2008) (orig. proceeding); Stafford v. State,
813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

            In compliance with High
v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel
has carefully discussed why, under controlling authority, there are no errors
in the trial court’s judgment.  Counsel has informed this Court that he has (1)
examined the record and has found no arguable grounds to advance on appeal, (2)
served a copy of the brief and motion to withdraw on Lester, and (3) informed Lester
of her right to review the record and to file a pro se response.[1] 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3. 
More than an adequate time has passed, and no pro se response has been filed.

II. 
Independent Review

            Upon receiving an Anders
brief, we must conduct a full examination of all the proceedings to
determine whether the case is wholly frivolous.  Penson v. Ohio, 488
U.S. 75, 80 (1988).  We have reviewed the record and find that the appeal is
wholly frivolous and without merit.  See Bledsoe v. State, 178 S.W.3d
824, 827-28 (Tex. Crim. App. 2005) (“Due to the nature of Anders briefs,
by indicating in the opinion it considered the issues raised in the brief and
reviewed the record for reversible error but found none, the court of appeals
met the requirements of Texas Rule of Appellate Procedure 47.1.”); Stafford,
813 S.W.2d at 509.  Accordingly, we affirm the judgment of the trial court.

III.  Motion
to Withdraw

            In accordance with Anders,
Lester’s counsel has filed a motion to withdraw.  See Anders, 386 U.S.
at 744; see also In re Schulman, 252 S.W.3d at 408 n.17 (citing
Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.)
(“If an attorney believes the appeal is frivolous, he must withdraw from
representing the appellant.  To withdraw from representation, the appointed
attorney must file a motion to withdraw accompanied by a brief showing the
appellate court that the appeal is frivolous.”) (citations omitted)).  We grant
the motion to withdraw.

            We further order that counsel
must, within five days of the date of this opinion, send a copy of the opinion
and judgment to Lester and advise her of her right to file a petition for
discretionary review.[2]
 See Tex. R. App. P. 48.4;
see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens,
206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

 

________________________

DORI CONTRERAS GARZA

Justice

 

Do
not publish.

Tex. R. App. P.
47.2(b)

Delivered
and filed the

2nd
day of December, 2010.









[1]
The Texas Court of Criminal Appeals has held that “the pro se response need
not comply with the rules of appellate procedure in order to be considered.  Rather,
the response should identify for the court those issues which the indigent
appellant believes the court should consider in deciding whether the case
presents any meritorious issues.”  In re Schulman, 252 S.W.3d 403, 409
n.23 (Tex. Crim. App. 2008) (quoting Wilson v. State, 955 S.W.2d 693,
696-97 (Tex. App.–Waco 1997, no pet.)).





 

[2] No substitute counsel will be
appointed.  Should Lester wish to seek further review of this case by the Texas
Court of Criminal Appeals, she must either retain an attorney to file a
petition for discretionary review or file a pro se petition for discretionary
review.  Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this Court.  See
Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals.  See Tex. R.
App. P. 68.3, 68.7.  Any petition for discretionary review must comply
with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 68.4.